IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

In re: Application of YUKOS HYDROCARBONS
INVESTMENTS LTD.,

                              Petitioner,           Civ. Action No.
                                                     5:09-MC-0078 (NAM/DEP)

For An Order To Conduct Discovery
For Use In A Foreign Proceeding Of

ROBERT FORESMAN,

                              Respondent.

_____

APPEARANCES:              OF COUNSEL:

<u>FOR PETITIONER</u>:

GIBSON, DUNN LAW FIRM      ROBERT F. SERIO, ESQ.
200 Park Avenue, 47th Floor      SAMANTHA A. LUNN, ESQ.
New York, NY  10166-0193      ANDREW J. WIESNER, ESQ.

FOR RESPONDENT
<u>ROBERT FORESMAN</u>:

AKIN, GUMP LAW FIRM       ROBERT H. PEES, ESQ.
One Bryant Park
New York, NY  10036

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Petitioner Yukos Hydrocarbons Investments Ltd. ("Yukos Hydrocarbons"), a foreign corporation, commenced this proceeding requesting the court's assistance in conducting third-party discovery for use in connection with a foreign proceeding pending in Amsterdam. Based upon petitioner's application, which was filed *ex parte*, another judge of this court authorized the issuance of a subpoena requiring respondent Robert Foresman, who is not a party to the Dutch litigation, to appear for deposition, and to produce documents for use in connection with the deposition.

Currently before the court is a motion on behalf of respondent Foresman to quash the pending subpoena.  In support of that application, Foresman argues that under the controlling test, petitioner has not established a basis for the court to exercise its discretion in favor of issuing and enforcing the requested subpoena, adding that in any event he cannot be compelled to comply with the subpoena since it would require that his deposition be taken beyond the jurisdictional limits specified under Rule 45 of the Federal Rules of Civil Procedure.

For the reasons set forth below I find that while the initial

prerequisites for lending the court's assistance for discovery in aid of a
foreign proceeding have been met, the subpoena in issue would require
Foresman to travel more than 100 miles from the place of his residence,
employment, and where he regularly transacts business in person, and
that he therefore cannot be compelled to appear for deposition as
required by the subject subpoena.

I.    BACKGROUND

    A.    The Foreign Litigation[1]

    The circumstances underlying petitioner's application are
procedurally and factually complex, and rife with foreign intrigue.  The
Dutch litigation now in issue was precipitated by a series of occurrences
extending back to the allegedly unlawful expropriation by the Russian
government of the assets of Yukos Oil Company, which from the time of
its formation in the early 1990s until late 2003 was Russia's largest
producer and exporter of crude oil.  That takeover was followed by
initiation of legal proceedings to determine the fate of Yukos Finance B.V.

---

[1]    The following recitation of the background facts is derived from the
record now before the court as well as prior decisions involving the same central set of
circumstances, including *In re OOO Promnefstroy*, Misc. No. M 19-99 (RJS), 2009 WL
3335608 (S.D.N.Y. Oct. 15, 2009) and *In re Godfrey*, No. 3:08-MC-0107-K (N.D. Tex.
March 24, 2009).

3

("Yukos Finance"), a wholly owned Dutch subsidiary of Yukos Oil and the owner of all of the shares in yet another related enterprise, Yukos International UK B.V. ("Yukos International"), which in turn maintained substantial holdings in the oil and gas industry.

As an outgrowth of those events, petitioner Yukos Hydrocarbons commenced suit in the Amsterdam District Court against Yukos International and obtained a favorable judgment from that court on January 30, 2008, requiring Yukos International to repay three loans made by the petitioner in July of 2002 and June, 2004.  A second, related action, also commenced in Amsterdam, was filed on March 19, 2009 by OOO Promnefsetroy ("Promnefsetroy"), a Russian "closed joint-stock company", which sought, among other things, a determination that petitioner's claims against Yukos International are invalid and that Promnefsetroy has an interest in any monies allegedly belonging to Yukos International as a result of its purported acquisition of Yukos Finance.  It is in connection with this second action that the assistance of this court is now sought by Yukos Hydrocarbons.

At the center of the present controversy is Robert Foresman, a Russian businessman with ties to this district.  Prior to September of

4

2009, Foresman was employed by Renaissance Capital LLC - Financial

Consultant ("Renaissance Capital") as an executive based in Moscow,

with the title of Deputy Chairman, Head of Organization and Coverage.  It

is alleged that Renaissance Capital indirectly holds a stake in

Promnefstroy, and that Foresman was instrumental in successful efforts

by Promnefstroy to bid on and obtain Yukos Finance at an auction

conducted in Russia.

II.    PROCEDURAL HISTORY

Petitioner commenced this proceeding on October 29, 2009 by filing

an *ex parte* application for an order approving the issuance of a subpoena

requiring that Foresman appear for deposition and produce certain

documents specified in the subpoena.[2]  Dkt. Nos. 1, 2.  That application

---

[2]      It should be noted that this is not the first occasion in which efforts to
secure discovery from Foresman for use in connection with the Dutch litigation have
come before the courts.  In 2007, District Judge Jed S. Rakoff, of the Southern District
of New York, was presented with an application on the part of two individuals
associated with the Yukos litigation seeking the assistance of that court for leave to
serve subpoenas on several parties, including Renaissance Capital and Robert
Foresman.  *In re Godfrey*, 526 F. Supp.2d 417 (S.D.N.Y. 2007).  After noting various
hurdles precluding the requested depositions, including that Foresman was not "found"
within the Southern District, Judge Rakoff concluded that

> [e]ven if petitioner's could overcome all of the foregoing
> objections, this would not be a case for exercising discretion to
> provide the requested assistance, because the connection to the
> United States is slight at best and the likelihood of interfering with
> Dutch discovery policy is substantial.

resulted in the issuance of an order by Chief Magistrate Judge Gustave J.

DiBianco on November 4, 2009, authorizing the issuance of the requested

subpoena.  Dkt. No. 4.  The subpoena, which was personally served on

Foresman on November 4, 2009 in Auburn, New York, required

Foresman's appearance for deposition on November 20, 2009, and the

production of the documents falling into seventeen specified categories.

Dkt. Nos. 4, 5.

On November 20, 2009, following reassignment of the matter to me

due to Chief Magistrate Judge DiBianco's impending retirement, *see* Dkt.

No. 8, Foresman moved to quash the subpoena, arguing that the

requirements for requesting this court's assistance for discovery in

connection with a foreign proceeding have not been met, and that in any

event the subpoena impermissibly requires him to appear for deposition

more than 100 miles from where he resides, is employed, and regularly

conducts business.  Dkt. Nos. 11-15.  Petitioner Yukos Hydrocarbons has

since responded in opposition to the motion, Dkt. No. 16, and Foresman

has submitted a reply, Dkt. Nos. 17-19.  Oral argument was conducted

with respect to petitioner's motion on December 16, 2009, at which time

---

*Id.* at 424.

decision was reserved.[3]

III.    DISCUSSION

A.    28 U.S.C. § 1782 Generally

Petitioner's request for assistance from this court to obtain discovery

for use in the Dutch proceedings is brought under a statute which

provides, in pertinent part, that

> [t]he district court of the district in which a person
> resides or is found may order him [or her] to give
> his [or her] testimony or statement or to produce a
> document or other thing for use in a proceeding in
> a foreign or international tribunal .  .  .  .

28 U.S.C. § 1782(a).  That section authorizes a district court to assist a

foreign or international tribunal, or a litigant before such a tribunal, by

ordering discovery where 1) the person resides or is found in the district;

2) the discovery is for use in a proceeding before a foreign tribunal; and 3)

the application is made by a foreign or international tribunal or "any

interested person."  *Schmitz v. Bernstein, Liebhard & Lifshitz, LLP*, 376

F.3d 79, 83 (2d Cir. 1996) (per curiam) (quoting *In re Esses*, 101 F.3d

873, 875 (2d Cir. 1996) (per curiam)).  Importantly, even when

---

[3]        During oral argument, petitioner withdrew its request for documents, and
now seeks only to have Foresman appear for deposition within the Northern District of
New York.

empowered by section 1782 to do so, a district court is nonetheless not required to grant such a discovery application and in its discretion may instead refuse the application or, alternatively, impose appropriate limiting conditions if deemed desirable. *Intel Corp. v. Advance Micro Devices, Inc.*, 542 U.S. 214, 260-61, 124 S.Ct. 2466, 2481 (2004) (citations omitted).

In the event the three statutory requirements for invoking the court's jurisdiction under section 1782(a) are met, four additional factors are generally considered by the courts in determining whether to exercise that discretion in favor of granting the request, including

> (1) Whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus inaccessible absent § 1782 aid;
>
> (2) The nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;
>
> (3) Whether the § 1782 request conceals a [sic] attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
>
> (4) Whether the subpoena contains unduly intrusive or burdensome requests.

*In re Microsoft Corp.*, 428 F. Supp.2d 188, 192-93 (S.D.N.Y. 2006) (citing

8

*Intel*, 542 U.S. at 264-65, 124 S.Ct. 2483-84).  In exercising their discretion under section 1782, courts must remain mindful of the "twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts . . ..'" *Schmitz*, 376 F.3d at 84 (quoting *In re Metallgesellschaft*, 121 F.2d 77, 79 (2d Cir. 1997)).

B.   Whether The Jurisdictional Prerequisites For Exercising Discretion Under Section 1782 Have Been Met

In addressing the three threshold required criteria for invoking the court's jurisdiction under section 1782(a), the parties appear to be in agreement that the requested discovery is genuinely sought for use in a proceeding before a foreign tribunal and that the application is being made by a party interested in that foreign litigation.  The parties disagree, however, as to whether, for purposes of section 1782, Foresman is found or resides within the district.

The Second Circuit  has had occasion to address the contours of section 1782(a), in the context of a dispute as to whether an individual who lives and works abroad may be subpoenaed for deposition while traveling in this country.  *In re Edelman*, 295 F.3d 171 (2d Cir. 2002).

9

Drawing upon well-settled case law regarding territorial jurisdiction, the court reasoned that if a court is authorized to exercise personal jurisdiction based upon service of a foreign national with a summons while within the jurisdiction of a particular district, section 1782(a), "which is simply a discovery mechanism and does not subject a person to liability, [does not] require[] more." *Id*. at 179.  Accordingly, while noting that the territorial limitations found within Rule 45 may ultimately bar such a deposition, the court held that "when a potential witness comes to the United States it is neither unfair nor inappropriate under the statute to undertake his [or her] discovery here[,]" adding that when a person who is physically present in the district is served with a subpoena pursuant to a district court order authorizing discovery under section 1782(a), he or she is "found" within the district for purposes of the statute.  *Id.* at 179, 180.

In this instance respondent Foresman does not deny that he was personally served with the disputed subpoena in Auburn, New York, and thus within this district, on November 4, 2009.  Accordingly, he has been "found" within this district, and the three jurisdictional predicates for invoking section 1782(a) have therefore been satisfied.  *In re Edelman*, 295 F.3d at 180.

10

C.    Federal Rule of Civil Procedure 45(c)(3)(A)(ii)

While section 1782(a) does not specifically cross reference or

otherwise refer to this provision, Rule 45(c)(3)(A)(ii) of the Federal Rules

of Civil Procedure, which governs the use of subpoenas to secure

deposition testimony and documents, *inter alia*, provides in relevant part

that "[o]n timely motion, the [court issuing a subpoena] must quash or

modify a subpoena that .  .  . ii) requires a person who is neither a party

nor a party's officer to travel more than 100 miles from where that person

resides, is employed, or regularly transacts business in person .  .  ."  Fed.

R. Civ. Proc. 45(c)(3)(A).  Under this section, a court may restrict or

prohibit a deposition, even when the jurisdictional requirements for

invoking section 1782(a) have been met and the *Intel* factors counsel in

favor of otherwise granting the request.  *See, e.g., In re Edelman,* 295

F.3d at 181; *see also In re Godfrey*, 526 F. Supp.2d at 422-43.

As a threshold matter, I must determine who bears the burden of

proof in connection with the question of whether the requirements of Rule

45(c)(3)(A)(ii) have been met in this case.  This is an issue on which there

is a conspicuous dearth of authority.  It should be noted, however, that a

party seeking to quash a subpoena is generally regarded as bearing the

11

burden of establishing grounds for the relief sought.  *Griffith v. United States*, No. M8-85 (JFK), 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007) (citing *Jones v. Hirschfeld*, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003)). Accordingly, I will conduct my analysis on the question of Foresman's contacts with the district against this backdrop, assigning the burden to establish that the limitations imposed under the rule have been exceeded to the respondent.

Foresman asserts, and petitioner does not dispute, that he does not regularly transacts business in this district and is not employed here. Indeed, by all accounts at the relevant times he has been, and continues to serve as, a Russian-based business executive, initially with Renaissance Capital, and more recently for Barclay's Capital.  *See* Foresman Decl. (Dkt. No. 13) ¶¶ 4-7.  Petitioner does, however, assert that Foresman resides in this district for purposes of Rule 45(c)(3)(A)(ii).

Deciding whether Foresman has resided within this district at any relevant time presents yet another threshold issue.  Before performing that analysis, I must first determine, for purposes of Rule 45(a)(c)(3)(A)(ii), at what point in time the residence inquiry should focus.  The wording of the statute itself suggests, and case law confirms, that the critical time is

12

when testimony is to be given pursuant to the subpoena.  *See, e.g. Comm-Tract Corp. v. Northern Telecom, Inc.,* 168 F.R.D. 4, 6 (D. Mass. 1996).  Since Foresman has not yet appeared on the subpoena, which was returnable on November 20, 2009, and his motion to quash was timely made, the question of residence must be decided in that context, focusing on Foresman's circumstances on and after that date.

Unfortunately, Rule 45(c)(3)(A)(ii) does not shed light on the intended meaning of the term "resides", and again there is a lack of authority providing any useful guidance.  It has been recognized that the term is exceedingly contextual and can mean either residence or domicile – two distinct but related concepts.  *In re Kolomoisky,* No. M 19-116, 2006 WL 2404332, at *3 n. 3 (S.D.N.Y. Aug. 18, 2006 (citing *United States v. Venturella*, 391 F.3d 120, 125, (2d Cir. 2004)).  Indeed, the New York Court of Appeals has observed that in New York law the term "residence" is used for a variety of purposes, with various meanings.  *Antone v. General Motors Corp.*, 64 N.Y.2d 20, 28 (1984) (citations omitted). "Residence", according to the *Antone* court, is distinguished from the term "domicile", which requires "[e]stablishment of . . . a physical presence in the State and an intention to make the State a permanent home."  *Id.*

13

The test for determining "residence" often employed by New York courts, most frequently in the context of deciding questions of venue, turns on "whether [the individual] has a significant connection with some locality in the State as a result of living there for some length of time during the course of the year." *Id.* at 30.  Accordingly, for example, one court held that a temporary residence frequented by a litigant for business purposes on only occasional overnight visits throughout the year did not qualify as a residence.  *See Hammerman v. Louis Watch Co.*, 7 A.D.2d 817 (3d Dep't 1958).  Similarly, another court found the fact that a woman had visited a locale and rented a room, voicing an intent to remain, was insufficient to show that she had established a residence in New York, separate from her home in another location.  *See Siegfried v. Siegfried*, 92 A.D.2d 916 (2d Dep't 1983) ("Although a person may have more than one residence for venue purposes, 'to consider a place as such he [or she] must stay there for some time and have the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency.'") (internal citations omitted).

To be sure, Foresman has significant contacts with this district, and the Auburn, New York, community in particular.  However, the issue here

14

presented would appear to turn on whether Foresman, at the time of the

requested testimony, had remained in Auburn for some length of time with

a genuine intent to make Auburn his residence with some degree of

regularity.  As is detailed in his initial submission as well as a

supplemental declaration, Foresman was born in Auburn, New York, and

still owns property there, with a corresponding telephone listing in his

name.  Supplemental Foresman Decl. (Dkt. No. 18) ¶¶ 2, 9; Lunn Decl.

(Dkt. No. 1) ¶ 4.  Foresman also recently registered a vehicle in New York,

and maintains his voter registration and driving privileges in Cayuga

County.  Supplemental Foresman Decl. (Dkt. No. 18) ¶¶ 7, 12-13; Lunn

Decl. (Dkt. No. 1) ¶¶ 5-6.

Notwithstanding these connections, the record unequivocally

establishes that Foresman has lived and worked in Russia continuously

since 1999, and until mid-2009 he and his family lived there without

interruption.  Foresman Decl. (Dkt. No. 13) ¶ 9.  Foresman admittedly

moved his family to Auburn in June of 2009, resigned from his

employment with Renaissance Capital on September 8, 2009, and

returned to Auburn with a plan to "commute" to his new job in Moscow.

Foresman Decl. (Dkt. No. 13) ¶¶ 5, 10-11; *see also* Supplemental

Foresman Decl. (Dkt. No. 18) ¶ 6.  Those plans, however, subsequently changed by virtue of his agreement with his new employer, Barclay's Capital, which specifically requires that he live and work in Moscow on a full-time basis.  While Foresman remained in Auburn in October and November visiting with family and friends, due to his employment situation he did not intend to remain in Auburn beyond late November 2009.  Foresman Supplemental Decl. (Dkt. No. 18) ¶¶ 6, 11.  Foresman is currently living and working in Moscow and intends to move his family back to Moscow in time for his children to begin the school term commencing in January of 2010.  *Id.; see also* Foresman Decl. (Dkt. No. 13) ¶¶ 13-14.

On the record now before the court I conclude that at the time of the proposed deposition, though Foresman had remained in Auburn for a few months prior, it was his clear intent to return to Moscow and not to remain within this district with any permanency.  I light of these facts, I find that for now and extending into the foreseeable future, respondent Foresman does not reside within 100 miles of Syracuse, New York, the designated location for the desired deposition.[4]  Accordingly, Foresman has carried

---

[4]      I would agree with the court's observation in *Comm-Tract* that "the result [may] be different if the change of location of residence and employment was a sham

his burden of establishing grounds for quashing the subpoena in issue.

*M'Baye v. New Jersey Sports Production, Inc.,* 246 F.R.D. 205, 207-208

(S.D.N.Y. 2009).

IV.    <u>SUMMARY AND RECOMMENDATION</u>

  The original application by petitioner Yukos Hydrocarbons for

permission to issue the challenged subpoena and respondent's motion to

quash the subpoena call upon the court to make an initial finding of

whether the jurisdictional prerequisites for invoking section 1782(a) have

been met, and is therefore a proper basis for exercising the discretion

conferred under that statute.  Based upon a review of the record now

before the court I find that the three requirements for exercising the power

conferred by the statute have been met.  Nonetheless, having determined

that the subpoenaed witness does not reside, is not employed, and does

not regularly transact business within 100 miles of where his deposition is

scheduled to take place, I conclude that he cannot be forced to appear for

deposition as requested by the petitioner, and find it unnecessary to

further determine whether the factors informing the decision of whether to

---

undertaken for the purpose of evading the requirement that he appear to testify . . .."
168 F.R.D. at 5.  There is no indication from the record now before the court, however,
to suggest that Foresman's return to Moscow was the result of anything other than a
legitimate decision dictated by a change in his employment circumstances.

exercise the discretion conferred under 1782(a) weigh in favor of

upholding the subpoena.  Accordingly, it is hereby

ORDERED as follows:

1)      Respondent's motion (Dkt. No. 11) is GRANTED, and the

deposition subpoena issued in this matter on November 4, 2009 is hereby

QUASHED.

2)      The clerk is directed to promptly forward copies of this order

to the parties electronically, pursuant to this court's local rules.

Dated:      December 30, 2009
            Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

18